## EXCLUSION FROM SKATING RINK ON THE GROUND OF COLOR.

Circuit Court of Summit County.

THOMAS LYONS, AN INFANT, BY HIS GUARDIAN, HANNIBAL LYONS, v. THE AKRON SKATING RINK COMPANY.

Decided, April 17, 1908.

*Civil Rights Act—Authority of Doorkeeper and Ticket Taker at Skating Rink.*

In an action for damages under the civil rights act, for refusal of admission to a roller-skating rink, where there is nothing in the record to show that the doorkeeper of the defendant corporation was entrusted by it with any authority or duty whatever beyond the taking of tickets and the admission of persons with tickets to the floor, explanations of the conduct of any other employee of the defendant, or any other feature of its business, is not within the sphere of the doorkeeper's agency.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand related as they stood below. The original action was for damages under the Civil Rights Act, Section 4426, Revised Statutes of Ohio, for alleged exclusion of the plaintiff in error from the defendant in error's rink, on the ground of his race and color. The jury returned a verdict for the defendant.

The first error assigned is upon the exclusion of evidence. The plaintiff's father and guardian, Hannibal Lyons, testified that he and his son approached the ticket window at the rink and tendered twenty-five cents, the regular price for a skating admission ticket, which the father requested for his son. The ticket seller pushed back the money, shook his head, pointed towards the doorkeeper and the regulations posted at the entrance to the skating floor, and closed the window without saying anything. Thereupon the witness and his son approached the doorkeeper and the father asked, "Why is it that I can't buy a skating admission ticket for my boy?" To the next question put to the witness by plaintiff's counsel "What did he say?" objection was sustained, and he excepted, offering to prove that the doorkeeper replied "We don't allow colored people to skate in here."

It does not appear that either the plaintiff or his father for him made any application directly to the doorkeeper for admission to the skating floor. Their only application to him was for information as to why they were denied a ticket. There is nothing in the record to show that the doorkeeper was entrusted by the defendant with any authority or duty whatever beyond the taking of tickets and the admission of persons with tickets to the floor. Explanation of the conduct of any other employee of the defendant or any other feature of its business was not within the sphere of this doorkeeper's agency as thus defined. *The Ohio Oil Co.* v. *McCrory*, 14 C. C., 304, 306-7; *Baltimore, etc., Relief Assn.* v. *Post*, 15 Atl. Rep., 885.

We find no error in the exclusion of this evidence.

The second error assigned is the refusal to permit plaintiff's counsel, in cross-examination of the ticket seller, to inquire whether he had testified in the justice court, where the cause originated, to an incident apparently elicited from him for the first time in the court of common pleas.

These inquires were:

"Did you say a word there about Mr. Gault having ordered you not to sell any more skates or skating tickets or having said anything to you?"   Also, "Did you testify in the justices's court as to any orders that you had, not to sell tickets that evening?"

While these questions were proper enough for the purpose of testing the witness' recollection, his cross-examination had already been conducted at some length, and we are not prepared to say that the trial judge abused his discretion in thus limiting it.

The third error assigned is upon the charge of the court, but no particulars having been pointed out to us, by the plaintiff in error, either in argument or brief, we forbear discussing the charge further than to say that, as we read it, it appears to be as favorable to the plaintiff· in error as the law would allow.

The judgment is affirmed.